## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

**JERRY DUFFEY**

  Plaintiff

 v.

**COLLEGIATE ACADEMIES**

  Defendant.

)
)
)
)
)
)
)

Civil Action No. _____

## COMPLAINT AND JURY DEMAND

This is an action for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"). Plaintiff Jerry Duffey, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Jerry Duffey is an individual of the full age of majority and a resident of St. Bernard Parish, Louisiana.

2. Defendant Collegiate Academies is a Louisiana non-profit corporation with its domicile address at 5552 Read Boulevard in New Orleans, Louisiana, and its registered mailing address at 2625 Thalia Street, New Orleans, Louisiana.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331.

4. Collegiate Academies has its headquarters and registered office within this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District.  Venue is therefore proper in this Court.

5. Defendant operates multiple secondary schools and therefore qualifies as an "enterprise" under 29 U.S.C. § 203(s)(1)(B).

6.    Plaintiff hereby requests a trial by jury on all claims so triable.

## FACTUAL ALLEGATIONS

7.    Defendant is an educational not-for-profit corporation that operates five charter schools in New Orleans and one in Baton Rouge.

8.    Defendant hired Plaintiff Jerry Duffey as its "Lead Maintenance Technician" effective November 14, 2022.

9.    Despite his title, Plaintiff did not have supervisory responsibilities.  To the contrary, he was hired to personally perform manual maintenance work at every one of Defendant's schools.

10.    Despite the inherently manual nature of Plaintiff's job, he was paid on a salary basis of $80,000 per year and did not receive overtime pay for hours worked over forty.

11.    Due to the demands of handling maintenance responsibilities at these different campuses, Plaintiff regularly worked in excess of forty hours per week.

12.    Plaintiff was scheduled, in Defendant's internal system, to work forty-four hours per week.  In reality, he worked significantly longer hours.

13.    Plaintiff also logged significant hours driving back and forth to Baton Rouge to work at Collegiate Academies' Baton Rouge location – approximately 40 trips.  These hours were within a days' work and compensable under the FLSA and its implementing regulations.

14.    Defendant failed to pay Plaintiff mileage reimbursement for the last few months of his employment.

15.    Plaintiff was also required to purchase all parts and supplies necessary for the ongoing maintenance, via an online portal.  To complete these additional responsibilities he would work from home, after his normal workday.

16.    Plaintiff regularly worked through scheduled breaks, on school holidays, and on

weekends.

17. Defendant did not keep complete time records of all hours Plaintiff worked, including his compensable travel time and his work from home hours.

18. For the 2022-2023 school year, Plaintiff worked under a contract which purported to classify him as "exempt." The contract states: "Under federal and state wage and hour laws, exempt employees are not eligible for overtime pay beyond their salary."

19. When the 2023-2024 school year began, Defendant told Plaintiff that he should sign a new contract which would classify him as "non-exempt." This was the first time Plaintiff realized he should have been receiving overtime pay. Defendant told Plaintiff that they would send him a revised contract with the non-exempt classification, but there were repeated delays in actually providing the contract.

20. When Plaintiff asked about backpay for overtime, he was told he was ineligible for 2022-2023 because his prior contract defined him as exempt for that school year.

21. Plaintiff repeatedly asked Collegiate Academies for more information regarding the backpay he believed he was owed, but did not receive a clear and consistent answer.

22. Plaintiff's employment with Collegiate Academies ended in October 2023 when the corporation terminated his position.

## FIRST CAUSE OF ACTION
### UNPAID OVERTIME

23. Plaintiff hereby realleges and reincorporate all paragraphs set forth above.

24. The FLSA requires employers to pay employees a time-and-a-half overtime premium for hours worked past forty in a workweek. 29 U.S.C. § 207.

25. Defendant underpaid overtime by refusing to pay Plaintiff an overtime premium for hours worked past forty in a workweek.

26. Plaintiff performed primarily manual labor.

27. Despite the contractual provision stating otherwise, Plaintiff did not qualify as overtime exempt pursuant to any exemption in 29 U.S.C. § 213.

28. Defendant's nonpayment of overtime was willful and not based in a good faith belief that its conduct was in accordance with the law.

29. Defendant had actual and constructive knowledge that Plaintiff was regularly working more than forty hours in a workweek.

30. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered lost compensation for time worked over forty hours per week, and hereby seeks recovery of all such sums plus liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

32. As part of Plaintiff's employment, Plaintiff and Defendant entered into an express or implied contract for the payment of mileage reimbursement when Plaintiff was required to use his company vehicle during the course and scope of his employment.

33. Defendant has not paid all mileage reimbursement due under this agreement, and therefore breached the contract.

34. Plaintiff seeks payment of all unpaid sums, according to proof.

35. This claim arises out of the same set of facts and circumstances as Plaintiff's FLSA claim and therefore arises out of a common nucleus of operative fact.

## THIRD CAUSE OF ACTION
## LOUISIANA PUBLIC RECORDS LAW (LA. REV. STAT. §  44:1 ET SEQ.)

36.    On January 16, 2024, Plaintiff, through counsel, served on Defendant a public records request seeking, *inter alia*, his time sheets, pay records, personnel file, and certain e-mails related to the claims and anticipated defenses at issue in this action.

37.    On January 19, 2024, Justin Pickel, who is Defendant's designated contact for public records requests, responded by e-mail stating that that "[w]e may need more than 5 days to locate the requested information and perform legal review to determine what is and isn't subject to disclosure."  Pickel also requested a link to a file-sharing program to upload the documents.  Plaintiff's counsel provided such a link.

38.    On January 30, 2024, having heard nothing further from Defendant, the undersigned e-mailed Pickel regarding Collegiate Academies' overdue response.  The e-mail noted that "[w]hile we were willing to allow a brief extension of the initial deadline, as a comity, our client has a right to review those documents in accordance with the law. Collegiate Academies is currently in violation of that law."  The e-mail further reserved all rights with respect to Defendant's non-compliance.

39.    Pickel has not responded to this e-mail nor provided any documents or records.

40.    On February 8, 2024, the undersigned called Pickel at the cell phone number listed in his email signature.  The call went straight to voicemail, but the voice mailbox was full and would not accept additional messages.

41.    La. Rev. Stat. § 44:35 provides a private right of action if an entity does not comply with a public records request within five business days or provide a written "estimate of the time reasonably necessary" to comply. Defendant did not provide a statutorily compliant response within the deadline, and has not provided an estimated date of response.

42.  Plaintiff seeks an order of mandamus to provide such records as well as attorney's fees, costs, damages, and any other relief available in law or equity.

43.  This claim arises out of the same set of facts and circumstances as Plaintiff's FLSA claim, as the requested public records directly relate to Plaintiff's employment and his claim for unpaid compensation. The claims arise out of a common nucleus of operative fact.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

    a.    For an award of all unpaid wages and overtime according to proof;

    b.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    c.    For an award of reasonable attorney's fees and costs of suit;

    d.    For injunctive or equitable relief as provided by law;

    e.    For compensation for any and all unpaid mileage reimbursement, according to proof

    f.    For pre and post-judgment interest to the extent provided by law; and

    g.    For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

and

Robert B. Landry III
ROBERT B. LANDRY III, PLC
5420 Corporate Blvd., Suite 303
Baton Rouge, La. 70808
Tel:  225.349.7460
Fax: 225.349.7466